Stufflebeam v. Reece.

## O. P. STUFFLEBEAM

v.

## JOHN REECE.

*Landlord and Tenant—Lease—Verbal Agreement—Breach—Damages.*

In an action based upon the alleged failure of a landlord to comply with
his agreement to build a barn upon demised premises, this court holds, in
view of the evidence, that the judgment for the plaintiff can not stand.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Vermilion County; the
Hon. J. F. HUGHES, Judge, presiding.

Mr. G. W. SALMANS, for appellant.

Mr. CHARLES A. ALLEN, for appellee.

WALL, P. J.   The appellee sued appellant before a justice of the peace.   The case having been removed by appeal to the Circuit Court was tried there, resulting in a judgment for the plaintiff for $38.   The record is brought here by the further appeal of the defendant.

The claim is based upon the alleged failure of the defendant, who was the plaintiff's landlord, to comply with his contract to build a barn for the use of the plaintiff on the demised premises.   It appears that the farm was rented by the defendant to the plaintiff by a written lease, dated February 11, 1888, for one year from the ensuing March 1st.

Nothing was said in that writing with regard to repairing or building a barn.

In the fall of 1888, by verbal agreement the parties extended the renting for another year, that is, until March 1, 1890, and in August, 1889, by a similar arrangement, it was extended until March 1, 1891.   It is claimed on behalf of plaintiff that at each of these renewals there was an understanding that the defendant was to repair the barn or build a new one.   Examining the evidence as it appears in the record as well as in the abstract, we are satisfied that whatever was said on this point was no part of the contract of rental and was merely gratuitous on the part of defendant.   While it is shown that the barn on the premises was in bad order, yet the plaintiff managed to get along with it and with a shed of straw that he made, and it is not shown that he suffered any damage to his grain, or his implements, or to his stock on this account.   The parties settled up their mutual accounts in August, 1889, and no claim was then made in this regard by the plaintiff.   He was desirous of retaining the farm another year, and was apprehensive that other parties were likely to get it and he made application to defendant for it, and it was agreed that he might keep it another year on the original terms.   This agreement was made at the house of the defendant.

Afterward, as appears by all the evidence, the defendant being on the farm, the plaintiff suggested that the barn was unfit for use, and defendant said he would repair it or build a new one.   He did send some material for making repairs to

Stufflebeam v. Reece.

the roof but did not have the work done.    The parties got into controversy about some other matters during that fall and winter, and early in March, 1890, the present suit was instituted.

It is quite clear that plaintiff can make no claim except upon the theory that the renewal for the third year made in August, 1889, was subject to the condition that the defendant would build the barn thereafter.

Having sought and obtained a renewal without asserting a claim in that respect for the term then expired, he can not be heard to make it now.    Had he made it then there is no doubt the renewal he desired would have been declined by defendant.    It is also quite clear that the alleged agreement to build was no part of that renewal.    But if it were a fair question for the jury whether this was so or not, the damages awarded were excessive.

As already said, plaintiff did not show that he suffered any damage by reason of his not getting the new barn, but he was allowed by the court to show that the rental value of such a barn as it was assumed his wants required, would have been $5 per month; this, for the time from the alleged promise in September or October up to the bringing of the suit, would have been about $35; entirely disregarding the defendant's claim of set-off, as to a part of which, at least, there was no dispute.    But if the alleged agreement was a part of the contract of renewal made in August, 1889, it had relation only to the year beginning March, 1890, and therefore when the suit was brought but twelve days had elapsed after the renewal when this added condition took effect.    Assuming that the measure of damages would be the rental value of a barn of certain dimensions suitable to the farm and plaintiff's needs, regardless of the fact that he had something which answered the purpose, the verdict was not a just one.    In any aspect of the case we are of opinion that the appellant is not liable for the amount allowed, and that the motion for a new trial should have been granted.    Judgment reversed and cause remanded.

*Reversed and remanded.*